IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALEX CICCOTELLI, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : COMPLAINT FOR VIOLATION OF THE |
| MEDALLIA, INC., BORGE HALD, AMY PRESSMAN, LESLIE STRETCH, LESLIE KILGORE, MITCH DAUERMAN, DOUG LEONE, JAMES D. WHITE, ROB BERNSHTEYN, STAN MERESMAN, and STEVE WALSKE, | : SECURITIES EXCHANGE ACT OF 1934 |
| Defendants. | : |

Plaintiff, by his attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On July 25, 2021, Medallia, Inc. ("Medallia" or the "Company") entered into an agreement and plan of merger (the "Merger Agreement") with Project Metal Parent, LLC ("Parent") and Project Metal Merger Sub, Inc. ("Merger Sub") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Medallia's stockholders will receive $34.00 in cash per share.

3. On September 14, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Medallia common stock.

9. Defendant Medallia is a Delaware corporation. Medallia's common stock is traded on the New York Stock Exchange under the ticker symbol "MDLA."

10. Defendant Borge Hald Chairman of the Board of Directors of Medallia (the "Board").

11. Defendant Amy Pressman is a member of the Board.

12. Defendant Leslie Stretch is President, Chief Executive Officer, and a member of the Board.

13. Defendant Leslie Kilgore is a member of the Board.

14. Defendant Mitch Dauerman is a member of the Board.

15. Defendant Doug Leone is a member of the Board.

16. Defendant James D. White is a member of the Board.

17. Defendant Rob Bernshteyn is a member of the Board

18. Defendant Stan Meresman is a member of the Board.

19. Defendant Steve Walske is a member of the Board.

20. Defendants identified in ¶¶ 10-19 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

21. Medallia is a pioneer and market leader in customer, employee, citizen, and patient experience.

22. On July 25, 2021, Medallia entered into the Merger Agreement.

23. The press release announcing the Proposed Merger provides as follows:

Medallia, Inc. (NYSE: MDLA) ("Medallia"), the global leader in customer and employee experience, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, in an all-cash transaction that values Medallia at $6.4 billion. Through this transaction, Medallia will become a private company with additional resources and greater flexibility to build on its innovation leadership and expand its customer impact. Additionally, the transaction will allow Medallia to benefit from the operating capabilities, capital support and deep sector expertise of Thoma Bravo – one of the most experienced and successful software investors in the world.

Under the terms of the agreement, Medallia shareholders will receive $34.00 per share in cash, which represents a premium of approximately 20% to Medallia's unaffected closing stock price on June 10, 2021, the last full trading day prior to media reports regarding a possible transaction, and a premium of approximately 29% to Medallia's unaffected 30-day average price.

"Today's announcement underscores our commitment to constant innovation, expansion and value creation," said Leslie Stretch, President and CEO of Medallia. "Since becoming a public company in 2019, we have made significant progress bolstering our leadership position in experience management. Today, Medallia benefits from a differentiated portfolio of cloud technology solutions and an expansive, loyal customer base across a diverse set of industry verticals and geographies. I look forward to our continued outstanding work in support of our customers. Furthermore, we are eager to build on our success and begin the next phase of differentiated growth, and we believe that becoming a private company

represents the best opportunity to do just that. In addition to maximizing value for our shareholders, this transaction will enable us to execute on our long-term strategy with even greater effectiveness, efficiency and flexibility."

"Medallia has positioned itself at the forefront of the experience management market with a best-in-class SaaS platform that leverages proprietary AI to help companies better understand their customers and employees and drive meaningful business growth at scale," said Scott Crabill, a Managing Partner at Thoma Bravo. "Medallia's ability to provide personalized and predictive insights across every channel and to companies of all sizes has become mission-critical in a rapidly expanding universe of structured and unstructured data, where more and more business is transacted digitally. We look forward to partnering with Leslie and the talented Medallia team and applying our operational and investment expertise in software to support the company in the next phase of its growth journey."

"Medallia not only created the category of experience management but continues to re-define it through innovation, having built a unified, action-oriented platform with the most comprehensive signal capture technology on the market," said Peter Stefanski, a Principal at Thoma Bravo. "Medallia products are used extensively from the front line to the C-suite in enabling users to improve experiences in real-time with valuable data and insights. In a world where enterprises are only beginning to understand the power of using experience data to run their businesses, we are excited to support Medallia as it continues to capitalize on a massive, growing market opportunity."

**Transaction Details**

Following an unsolicited approach regarding an acquisition, the Medallia Board of Directors engaged in a robust strategic review process with the assistance of independent legal and financial advisors. This included an evaluation of Medallia's strategic plan as an independent company and other strategic alternatives. Following this process, the Medallia Board unanimously approved the transaction with Thoma Bravo, as it provides Medallia's shareholders with immediate and certain value.

Thoma Bravo has also entered into voting agreements with Medallia's directors and executive officers, and investment funds affiliated with these individuals. Under these agreements, which represent approximately 34% of Medallia's outstanding shares, the applicable shareholders have agreed to vote in favor of the transaction, subject to certain terms and conditions contained therein.

The agreement includes a 40-day "go-shop" period expiring on September 4, 2021. During this period, Medallia, assisted by its legal and financial advisors will actively initiate, solicit and consider alternative acquisition proposals from third parties. The Medallia Board will have the right to terminate the merger agreement to enter into a superior proposal, subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" process will result in a

superior proposal, and Medallia does not intend to disclose developments with respect to the solicitation process unless and until it determines that such disclosure is appropriate or otherwise required.

The transaction is expected to close in 2021, subject to customary closing conditions, including approval by Medallia shareholders and receipt of regulatory approvals. Upon completion of the transaction, Medallia's common stock will no longer be listed on any public market. Medallia will remain headquartered in San Francisco.

**Advisors**

Morgan Stanley & Co. LLC is serving as lead financial advisor to Medallia, and BofA Securities and Wells Fargo Securities are also serving as financial advisors. Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as Medallia's legal advisor. Kirkland & Ellis LLP is serving as legal advisor to Thoma Bravo. Debt financing for the transaction is being provided by Blackstone Credit, certain funds managed by affiliates of Apollo Capital Management, L.P., KKR Credit, Thoma Bravo Credit and Antares Capital

24.     On August 4, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Projections

25.     The Proxy fails to disclose material information regarding Medallia's financial projections.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

26.     The Proxy fails to disclose the line items used to calculate Medallia's financial projections.

Financial Analyses

27.     The Proxy omits material information regarding the financial analyses conducted by Morgan Stanley & Co. LLC ("Morgan Stanley").  When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as

well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

28. Regarding Morgan Stanley's Public Trading Comparables Analysis, the Proxy fails to disclose the individual multiples for the companies.

29. Regarding Morgan Stanley's Discounted Equity Value Analysis, the Proxy fails to disclose: (i) net cash; (ii) the estimated fully diluted shares outstanding of common stock; and (iii) the inputs and assumptions underlying the discount rate.

30. Regarding Morgan Stanley's Discounted Cash Flow Analysis, the Proxy fails to disclose: (i) the terminal values; (ii) the inputs and assumptions underlying the discount rates and perpetuity growth rates; (iii) net debt; (iv) net operating losses; and (v) the estimated fully diluted shares outstanding common stock.

31. Regarding Morgan Stanley's Illustrative Precedent Transaction Premiums analysis, the Proxy fails to disclose: (i) the transactions; and (ii) the premiums paid in the transactions.

32. Regarding Morgan Stanley's Equity Research Analysts' Future Price Targets analysis, the Proxy fails to disclose: (i) the price targets; (ii) the sources of the price targets; and (iii) the inputs and assumptions underlying the discount rate.

## COUNT I

**Claim Against the Individual Defendants and Medallia for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

33. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

34. The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to

make the statements therein not materially false or misleading.

35. Medallia is liable as the issuer of these statements.

36. The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

37. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

39. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

40. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

41. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9.

42. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

43. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Medallia within the meaning of Section 20(a) of the Exchange Act as alleged herein.

45. Due to their positions as officers and/or directors of Medallia and participation in

and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

48. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

49. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

50. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

51. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

52. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: September 23, 2021

GRABAR LAW OFFICE

By: /s/ Joshua H. Grabar
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*